IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.

DONAL LESESNE

_____/

SEALED
INDICTMENT

1:24CR18 AW/ML

THE GRAND JURY CHARGES:

COUNT ONE

A. INTRODUCTION

At all times material to this Indictment:

Unemployment Insurance

1.  Unemployment Insurance ("UI") was a state-federal program that provided monetary benefits to eligible lawful workers. Although state workforce agencies ("SWAs") administered their respective UI programs, they did so in accordance with federal laws and regulations. UI payments (benefits) were intended to provide temporary financial assistance to lawful workers who were unemployed through no fault of their own. Each state set its own additional requirements for eligibility, benefit amounts, and length of time that benefits were paid. Generally, UI weekly benefit amounts were based on a percentage of one's earnings over a base period.



2. UI benefits were generally funded by state employer taxes with administrative costs funded by the federal government. The UI program required states to make weekly benefit payments while ensuring claimants met eligibility requirements.

3. In the State of California, the Employment Development Department ("EDD"), based in Sacramento, California, was the SWA that administered the UI program. Those seeking UI benefits submitted online applications. Applicants had to answer specific questions to establish eligibility to receive UI benefits, including their name, SSN, and mailing address, among other things. Applicants also had to self-certify that they met a COVID-19-related reason for being unemployed, partially employed, or unable to work. The EDD relied upon the information in the application to determine UI benefits eligibility. Once an application was approved, the EDD typically distributed state and federal UI benefits electronically to a debit card, which was in turn linked to an account opened with Bank of America, which claimants could use to withdraw funds and/or make purchases. These debit cards were sent via the U.S. Postal Service to the address the claimant provided. Claimants could activate their debit card via telephone or online.

<u>Federally-Enacted COVID-19 Pandemic Relief</u>

4. In March 2020, the President signed the Families First Coronavirus Response Act ("FFCRA") into law. The FFCRA provided additional flexibility for

state UI agencies and additional administrative funding to respond to the COVID-19 pandemic.

5. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was also signed into law in March 2020. It expanded states' ability to provide UI for many workers impacted by COVID-19, including for workers who were not ordinarily eligible for UI benefits. The CARES Act provided for three new UI programs: Pandemic Unemployment Assistance ("PUA"); Federal Pandemic Unemployment Compensation ("FPUC"); and Pandemic Emergency Unemployment Compensation ("PEUC").

6. To further offset the pandemic impact on American workers, on August 8, 2020, the President authorized the Federal Emergency Management Agency ("FEMA") to expend up to $44 billion dollars from the Disaster Relief Funds for lost wage payments. The President authorized the FEMA Administrator to provide grants to participating states, territories, and the District of Columbia to administer delivery of Lost Wages Assistance ("LWA") to those receiving unemployment insurance.

7. Thus, extensions and expansions of UI coverage and benefits, such as those provided by the CARES Act and subsequent legislation, such as FFCRA, were normally funded by the federal government.

## B. THE CHARGE

Between on or about August 2, 2021, and on or about August 25, 2021, in the Northern District of Florida and elsewhere, the defendant,

**DONAL LESESNE,**

did knowingly and willfully devise, and intend to devise, a scheme to defraud and for obtaining money and property by means of material false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme, did cause wire communications to be transmitted in interstate commerce, to wit, the electronic submission of a California EDD UI benefits application on August 2, 2021.

## C. SCHEME TO DEFRAUD

It was part of the scheme to defraud that:

1. The Defendant, **DONAL LESESNE ("LESESNE")**, made and caused to be made false and fraudulent representations in California EDD UI benefits applications and in supporting documents submitted to the California EDD in order to falsely qualify for California EDD UI benefits.

2. Based upon statements which falsely represented that **LESESNE** had resided and worked in the State of California and had become unemployed there due to the COVID-19 pandemic, **LESESNE** caused the California EDD to issue UI benefits to him.

4

3.      By this conduct, **LESESNE** fraudulently obtained approximately $18,604 from the California EDD to which he was not entitled.

In violation of Title 18, United States Code, Sections 1343 and 2.

## CRIMINAL FORFEITURE

The allegations in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture. From the defendant's engagement in the violations alleged in Count One of this Indictment, the defendant,

## DONAL LESESNE,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Sections 1343, any and all of the defendant's right, title, and interest in any property, real and personal, constituting and derived from proceeds traceable to such offenses.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

  i.    cannot be located upon the exercise of due diligence;
  ii.   has been transferred or sold to, or deposited with, a third person;
  iii.  has been placed beyond the jurisdiction of this Court;
  iv.   has been substantially diminished in value; or

v.  has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by reference in Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A TRUE BILL:

*Redacted*

_____7/23/24_____
DATE

_____
JASON R. COODY
United States Attorney

_____
DAVID. P. BYRON
Assistant United States Attorney